# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRITTNEY KING,

       Plaintiff,

v.                                                  Case No:   6:23-cv-465-CEM-LHP

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, ONE
HOPE UNITED, HEATHER HIGBEE,
CHANTELLE WADE-CAINES, AVEY
C HOLLOWAY, CYNTHIA
RODRIGUEZ, TIMIKA MCGAHEE,
RHONDA BROWN, WASHAN
SABUNCHY, CRYSTAL PFISTER,
DYESHA BAKER and SHACARIA
CUMMINGS,

       Defendants

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)
>
> **FILED:**     March 14, 2023

> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.     BACKGROUND.**

On March 14, 2023, Plaintiff Brittney King, appearing *pro se*, filed a complaint against the above-named Defendants.  Doc. No. 1.  Plaintiff purports to bring her claims pursuant to 42 U.S.C. § 1983, for a violation of her rights under the "1st, 2nd, 4th, 5th, 6th, 8th, 12th, 14th, 16th, and 18th Amendment[s]."  *Id.* at 3.[1]

The complaint is not a model of clarity, but it appears to be premised on state court child custody proceedings over which Defendant Judge Heather Higbee presided.  *Id.* at 5–6.  The remaining Defendants include Florida Department of Children and Families ("DCF"), several DCF case workers (Defendants Chantelle Wade, Cynthia Rodriguez, Timika McGahee, Rhonda Brown, Washan Sabunchy, Crystal Pfister, Dyesha Baker, Shacaria Cummings), One Hope United (a DCF agency), and Avey C. Holloway, who is either Plaintiff's children's aunt or Plaintiff's husband's ex-wife.  *Id.* at 3–5, 6.  It appears that during the state court proceedings, Plaintiff lost custody of her children and was denied visitation.  *Id.* at 6–7.  She claims that the named Defendants violated her rights in various ways during the custody proceedings, such as by taking her children, denying her right

---

[1] In the complaint, Plaintiff also makes cursory reference to 42 U.S.C. § 1988, the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2009), Title V Judicial Branch 26.012 (2016), Fla. Const., art. V § 1, and Fla. Stat. § 34.01. Doc. No. 1, at 3.

to visitation, harassing her, misleading her, making insinuations, and manipulating her children. *Id.* at 6–7. Plaintiff seeks an injunction against Defendants, monetary damages, and return of her children to her. *Id.* at 8.

With the complaint, Plaintiff has also filed an Affidavit of Indigency, which has been construed as a motion to proceed *in forma pauperis*. Doc. No. 2. The motion to proceed *in forma pauperis* has been referred to the undersigned, and the matter is ripe for review.

II. **STANDARD OF REVIEW.**

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. § 1915(e)(2)(B)(i)–(iii).[2] A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d

- 3 -

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS.

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff may qualify as a pauper pursuant to § 1915(a)(1), given that she avers that she "has no form of income or assets to meet the fee of filing this

---

1305, 1306 n.1 (11th Cir. 2004).

complaint." Doc. No. 2, at 1.[3]   However, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 5.2, does not comply with the procedural pleading rules, and otherwise does not state a cognizable claim for relief.

First, the complaint contains the full names of Plaintiff's minor children. Doc. No. 1, at 4, 7, 8.   Pursuant to Federal Rule of Civil Procedure 5.2, a minor may only be identified in filings by the minor's initials.   Fed. R. Civ. P. 5.2(a)(3).   *See also* M.D. Fla. Administrative Procedures for Electronic Filing, § (I)(2)(a) (2022). Accordingly, the complaint is due to be stricken.   *See id.*

Second, pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.   "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."   Fed. R. Civ. P. 10(b).

Plaintiff's complaint does not comply with these requirements.   Although the complaint begins with twenty prefatory paragraphs regarding jurisdiction,

---

[3] I note that Plaintiff has filed only an "Affidavit of Indigency," and she has not submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which courts in this district generally require.   Given the recommendation herein that Plaintiff's complaint be dismissed with leave to amend, I will recommend that Plaintiff be required to complete and submit an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) with an amended complaint.

venue, and the parties, the factual allegations are set forth in narrative form, interspersed with case law, and the complaint does not set forth specific claims against the named Defendants or otherwise provide a "short and plain statement of the claim." *See* Doc. No. 1. Accordingly, her complaint is subject to dismissal under § 1915. *See, e.g., O'Neil v. State*, No. 8:20-cv-1451-T-36JSS, 2020 WL 5899601, at *2 (M.D. Fla. Sept. 14, 2020) ("The section of the Complaint entitled 'Statement of Claim' does not identify the elements associated with any of Plaintiff's putative causes of action or identify which facts pertain to which cause of action or defendant. Therefore, Plaintiff's Complaint should be dismissed without prejudice for failing to satisfy Rule 8(a) and for failing to state any claim on which relief can be granted."), *report and recommendation adopted*, 2020 WL 5893323 (M.D. Fla. Oct. 5, 2020).

Third, Plaintiff purports to bring her claim(s) under 42 U.S.C. § 1983. *See* Doc. No. 1. But Plaintiff's complaint does not adequately allege how Defendants violated her federal rights during the child custody proceedings. *See* Doc. No. 1, at 5–7. *Cf. Wray v. Dep't of Child. & Fam. Servs.*, No. 1:17-CV-263-MW-GRJ, 2017 WL 6993036, at *2 (N.D. Fla. Dec. 13, 2017), *report and recommendation adopted*, 2018 WL 476162 (N.D. Fla. Jan. 17, 2018) (complaint alleging solely state tort claims related to ongoing state child custody proceedings insufficient to state a claim under § 1983 for failure to allege facts suggesting that any defendant violated the plaintiff's

federal constitutional rights).  *See also generally Hannah v. Union Corr. Inst.*, No. 3:12-cv-436-J-20JBT, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law . . . .  More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." (citations omitted)).

Moreover, to the extent that Plaintiff is seeking the return of her children in contravention of a state court custody order, it would appear that the Court lacks jurisdiction to order such relief under the *Rooker-Feldman* doctrine.[4]  *See, e.g.*, *Hinds v. Saunders*, No. 6:18-cv-532-Orl-40TBS, 2018 WL 11314083, at *2 (M.D. Fla. Aug. 2, 2018) (finding similar claims barred by *Rooker-Feldman* because a contention "that the minor children were taken from Plaintiffs' care without court order or warrant, . . . attacks the core of the state court's judgments, because the state court found probable cause to remove the children from the custody of Plaintiffs."); *Comstock v. Hooban*, No. 3:08CV25/MCR/EMT, 2008 WL 384483, at *2 (N.D. Fla. Feb. 11, 2008) ("[T]o the extent Plaintiff seeks this court's review of or intervention in the child

---

[4] The *Rooker-Feldman* doctrine provides that lower federal courts lack jurisdiction to review final judgments of state courts.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

dependency proceedings, this court lacks jurisdiction to do so. The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation."). *See also Cox v. 10th Jud. Cir.*, No. 8:22-cv-75-CEH-JSS, 2022 WL 1005279, at *1 (M.D. Fla. Mar. 10, 2022), *report and recommendation adopted*, 2022 WL 1001498 (M.D. Fla. Apr. 4, 2022) ("[F]ederal courts generally do not decide domestic relations cases." (citing *Moussignac v. Ga. Dep't of Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) ("The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.")).

Finally, to the extent that Plaintiff's claims are not subject to *Rooker-Feldman*, the undersigned notes that a § 1983 claim against Judge Heather Higbee would be barred by judicial immunity. *See McCone v. City of Orlando*, No. 6:11-cv-1047-Orl-35DAB, 2011 WL 13174776, at *4 (M.D. Fla. July 8, 2011), *report and recommendation adopted*, 2011 WL 13174806 (M.D. Fla. Aug. 4, 2011), *aff'd*, 497 F. App'x 864 (11th Cir. 2012) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.

2000))).  And Plaintiff has not alleged that Avey C. Holloway is a state actor for purposes of § 1983.  *See Luzier v. Bull*, No. 6:06-cv-444-Orl-19JGG, 2006 WL 1000322, at *1 (M.D. Fla. Apr. 13, 2006) ("Since Defendant was not a state actor, Plaintiff has not satisfied the first element of the § 1983 analysis, and this case must be dismissed for failure to state a claim.").  As to the remaining individual Defendants, Plaintiff fails to plead sufficient facts to overcome qualified immunity.  *See, e.g.*, *Nichols v. Maynard*, 204 F. App'x 826 (11th Cir. 2006) (cited as persuasive authority) (directing dismissal of complaint against DCF employees on grounds of qualified immunity).[5]  *See also generally Henning v. Day*, No. 6:15-cv-927-Orl-40DAB, 2016 WL 1068482, at *4 (M.D. Fla. Mar. 18, 2016) (addressing qualified immunity on § 1915 review).

For these reasons, Plaintiff's complaint is due to be dismissed, and the filing should be stricken from the docket.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint.  *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v.*

---

[5] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

*Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))). Because it is at least possible that Plaintiff may file an amended complaint that states a claim within the Court's jurisdiction, I recommend that the Court allow Plaintiff to file an amended complaint, within a time established by the Court.

Should Plaintiff file an amended complaint, Plaintiff is cautioned that she must include factual allegations in the complaint stating a plausible claim for relief, which requires her to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Therefore, in an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law. To the extent that Plaintiff seeks to proceed under 42 U.S.C. § 1983, Plaintiff must specifically allege that the named defendant(s) deprived her of a right secured under the United States Constitution or federal law and that such deprivation occurred under color of state law.

Further, in an amended complaint, Plaintiff must allege in the body of the complaint how each named Defendant participated in the activity that allegedly violated her rights. Plaintiff must allege some causal connection between each Defendant named and the injury she allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or

directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs her attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV. RECOMMENDATION.

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2);

2. **DISMISS** the complaint without prejudice, and **STRIKE** the filing from the docket (Doc. No. 1);

3. **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*, by filing a completed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).[6]

---

[6] The Application to Proceed in District Court Without Prepaying Fees or Costs

**NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 24, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

(Long Form) is available on the Court's website, https://www.flmd.uscourts.gov, by selecting "For Litigants," and "Litigants Without Lawyers," and then selecting "Forms."